# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**CATAR CLINIC OF HOT SPRINGS, LLC, C.A.T.A.R, LTD. & STOCKTON MEDICAL GROUP, LTD.**     **PLAINTIFFS**

v.     **CASE NO.: 4:17-CV-520-DPM**

**THOMAS F. ROBINSON, M.D., TIFFANY TERRY, ARKANSAS RECOVERY CLINIC, ARC REHABILITATION CENTER, P.A., CSCB REHABILITATION MANAGEMENT GROUP, LLC, ADDICTION RECOVERY CARE OF LITTLE ROCK, ARC CLINIC, & JILL COGBURN**     **DEFENDANTS**

## **PROTECTIVE ORDER**

The parties have a need to access each other's trade secrets to conduct discovery. They are, however, direct business competitors. Each party must designate all trade secrets requested in discovery as "CONFIDENTIAL-ATTORNEYS EYES ONLY" and disclose the items within two weeks of entry of this order. The Court will address in a future order how this "CONFIDENTIAL-ATTORNEYS EYES ONLY" information is to be used in a hearing and trial. All counsel must prevent disclosure of information designated "CONFIDENTIAL-ATTORNEYS EYES ONLY", including to their clients. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding will include use of "CONFIDENTIAL-ATTORNEYS EYES ONLY" information so that the other parties can ensure that only authorized individuals, in this instance attorneys, are present at those proceedings or during use of this information. Any discussion of trade secrets designated "CONFIDENTIAL-ATTORNEYS EYES ONLY" in depositions shall be closed except to the attorneys and all parties, except the deponent, must leave

1

the room. Trade secrets discussed in depositions shall be protected the same as documentary evidence marked as "CONFIDENTAIL-ATTORNEYS EYES ONLY" and counsel is under the same obligation to prevent disclosure of designated information to their clients and may not, under any circumstances, reveal trade secrets information to their clients.

Any disputes whether particular trade secrets requested by opposing parties fit within the scope of Rule 26 shall be noted in a joint report, which will also be sealed and under "CONFIDENTIAL-ATTORNEYS EYES ONLY" designation. Counsel must prevent disclosure of these items to their clients. The Court will issue an order as necessary on this dispute. Any party that desires to use a trade secret marked "CONFIDENTIAL-ATTORNEYS EYES ONLY" must file a motion under seal with the Court explaining why use of the item is essential to their claim or defense and why any alleged need outweighs the opposing party's trade secret protections afforded by law. The Court will address how this confidential information is to be used, if at all, at trial in a future order.

IT IS SO ORDERED.

*DPMarshall Jr. 10 October 2018*
D.P. Marshall Jr.
United States District Judge